IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:23-cr-83-DCB-LGI

MARCUS JEROME MOBLEY
a/k/a "NuNu"

## PRELIMINARY ORDER OF FORFEITURE

Before this Court is an Unopposed Motion for Preliminary Order of Forfeiture [30], after Defendant **MARCUS JEROME MOBLEY's**, plea of guilty to Count 1 of the Indictment [15]. Having reviewed the Government's motion, this Court finds that it is well-taken and should be GRANTED.

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea to Count 1 of the Indictment [15] and based on the information presented during the Change of Plea Hearing, specifically that Defendant **MARCUS JEROME MOBLEY** knowingly conspired to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and the allegations included in the United States' Unopposed Motion for Preliminary Order of Forfeiture, the Court finds that (the "**Subject Property**")[1]:

| Asset # | CATS ID | Asset Description |
|---|---|---|
| A-01 | 24-FBI-003066 | $400.00 U.S. Currency seized from Marcus Jerome Mobley's residence |
| A-02 | 24-FBI-003066 | $6,190.00 U.S. Currency seized from Marcus Jerome Mobley's residence |

---

[1] The United States has learned that the serial numbers for B-03, B-04 were incorrect. The corrected serial numbers are contained in this Unopposed Motion. Further, D-02 listed in the Bill of Particulars [26] does not exist, however, there is a separate magazine for D-05 which is contained herein.

| | | |
|---|---|---|
| A-03 | 24-FBI-003066 | $16,400.00 U.S. Currency seized from Marcus Jerome Mobley's residence |
| B-01 | 24-FBI-003071-01 | One (1) Apple iPhone, Model SE (2nd Gen), black (shattered), Serial No. DX4HCJVRPLJM, IMEI 356552968317727, seized from Marcus Jerome Mobley's residence |
| B-02 | 24-FBI-003071-02 | One (1) Apple iPhone, Model SE (2nd Gen), black, in black case with white charging cord, Serial No. FFMHFQ2ZPLJM, IMEI 352853889679169, seized from Marcus Jerome Mobley's residence |
| B-03 | 24-FBI-003071-03 | One (1) Google Cell Phone, Model Pixel 6A, black (with scratch on screen), Serial No. 27201JEGR10616, IMEI 355578433415649, seized from Marcus Jerome Mobley's residence |
| B-04 | 24-FBI-003071-04 | One (1) Apple iPhone, Model 11 Pro Max, black, with black case, Serial No. FK1ZL2AKN70C, IMEI 353898104832373, seized from Marcus Jerome Mobley's residence |
| C-01 | 24-FBI-003072-01 | One (1) Scale, Make Unknown, Model Unknown, black, seized from Marcus Jerome Mobley's residence |
| C-02 | 24-FBI-003072-02 | One (1) DigitZ Scale, black, inside Apple iPhone box, seized from Marcus Jerome Mobley's residence |
| C-03 | 24-FBI-003072-03 | One (1) Pill Press, Make Unknown, Model Unknown, seized from Marcus Jerome Mobley's residence |
| D-01 | 24-FBI-003073-01 and 24-FBI-003073-05 | One (1) Ruger-57 Pistol, CAL: 5.7, Serial No. 642-13425, with Magazine and Twenty-one (21) Rounds of Ammunition, gold with blue tip, CAL: 5.7x28 seized from Marcus Jerome Mobley's residence |
| D-03 | 24-FBI-003073-02 | One (1) Griffin Armament Revolution 45 Silencer, CAL: 45, Serial No. REV45-1113, seized from Marcus Jerome Mobley's residence |
| D-04 | 24-FBI-003073-03 and 24-FBI-003073-06 | One (1) 144 Tactical AR-15 Short-barrel Rifle, Model PS15, CAL: .556, Serial No. X00031, with Magazine and Thirty (30) Rounds of Ammunition, CAL: .223/.556, seized from Marcus Jerome Mobley's residence |
| D-05 | 24-FBI-003073-04 and 24-FBI-003073-07 | One (1) Romarm/Cugir/CAI, Georgia VT Short-barrel Pistol, Model: Micro Draco, CAL: 7.62x39mm, Serial No. PMD-12110-19 RO, with Twenty-six (26) Rounds of Ammunition, CAL: 7.62x39, and a magazine seized from Marcus Jerome Mobley's residence |
| E-01 | TBD | One (1) 2021 Cadillac Escalade Utility Vehicle, dark blue, bearing MS license plate # A080J LIT, VIN 1GYS3BKL9MR415655, registered to Soul De Cigar Company LLC |

is subject to forfeiture under 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, that the defendant has an interest in such property, and that the United States has established the requisite nexus between such property and the offense to which the defendant pleaded guilty. Therefore, the Court finds that the **Subject Property** shall be forfeited to the United States.

2. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture.

3. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the **Subject Property**. Fed. R. Crim. P. Rule 32.2(b)(6).

4. Any person, other than the above-named defendant, asserting a legal interest in the **Subject Property** may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the **Subject Property**, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(n).

5. Pursuant to Rule 32.2(b)(4)(A) and (B) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this preliminary order of forfeiture shall become the final order of forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

6. Any petition filed by a third-party asserting an interest in the **Subject Property** shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent

of the petitioner's right, title, or interest in the **Subject Property**, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the **Subject Property**, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.  Fed. R. Crim. P. 32.2(c)(1)(B).

8. The United States shall have clear title to the **Subject Property** following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDER AND ADJUDGED this  3rd  day of April 2024.

s/David Bramlette
UNITED STATES DISTRICT JUDGE